IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUDDIE A. WILKERSON,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH DEPARTMENT OF WORKFORCE SERVICES,<br><br>SALT LAKE CITY POLICE DEPARTMENT,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-00956-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Docket No. 7.) On October 21, 2013, this Court granted pro se Plaintiff leave to proceed in forma pauperis. (Dkt. No. 2.) On the same date, Plaintiff filed his complaint against the following Defendants: (1) State of Utah Department of Workforce Services (DWS), and (2) the Salt Lake City Police Department (SLCPD). (Dkt. No. 3.) Also on October 21, 2013, Plaintiff filed the present motion for service of process. (Dkt. No. 4.) For the reasons set forth below, this Court **RECOMMENDS** the District Court **DENY** the motion without prejudice. This Court further **RECOMMENDS** the District Court **DISMISS** Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff claims that on October 16, 2013, he went to DWS to inquire why his food stamp benefits had not been loaded onto his card.  (Dkt. No. 3 ¶ B.1.)  He "was not allowed to finish" his inquiry "because he was removed" by SLCPD, who "had been called through no fault of his own."  (*Id.*)  An SLCPD police officer who removed Plaintiff from the DWS building pushed Plaintiff's "head into a cubical against the wall," thereby "cutting" Plaintiff "behind his right ear," and causing a contusion.  (*Id.* ¶ D.1.)   Thereafter, Plaintiff brought this complaint requesting one million dollars.  (*Id.* ¶ F.1.)  Plaintiff also requests "the right to use" DWS "as any other person can!"  (*Id.*)

## III.  SCREENING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B)(ii)

A court must dismiss a complaint filed by a plaintiff proceeding in forma pauperis if the complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  When deciding whether to dismiss such a complaint, a court accepts the allegations in the complaint "as true and construe[s] those allegations, and any reasonable inferences that might be drawn from them" in a plaintiff's favor.  *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).  To survive dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Relevant here, a court should only dismiss a pro se complaint for failure to state a claim where it "appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quotation omitted).

### A. Named Defendants

Plaintiff names DWS as his first Defendant. However, as an arm of the state, DWS is entitled to Eleventh Amendment[1] immunity from Plaintiff's unconsented suit. *See Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996) ("The arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states.") (citation omitted); *Redmond v. Utah Workforce Comm'n*, No. 2:07CV928 DAK, 2009 WL 2461177 (D. Utah Aug. 7, 2009) (unpublished) (dismissing a plaintiff's claims against DWS because it enjoyed Eleventh Amendment immunity as an arm of the state). Due to its Eleventh Amendment immunity, this Court **RECOMMENDS** the District Court **DISMISS** DWS as a Defendant from Plaintiff's complaint.

### B. Plaintiff's Causes of Action

Plaintiff brings this civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 3 ¶ A.1.a.)[2] Pursuant thereto, Plaintiff alleges two causes of action. Plaintiff's first cause of action alleges Defendants violated his right to work under Utah Code Ann. § 34-34-5. (*Id.* ¶ C.1.a.) However, Utah Code Ann. § 34-34-5 bears no relation to the facts in Plaintiff's complaint because the

---

[1] "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

[2] 42 U.S.C. § 1983 states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to bring a complaint under 42 U.S.C. § 1983, a plaintiff "must allege that some person has deprived him of a federal right," and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

statute prohibits mandatory labor union participation.³  Therefore, this Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's first cause of action for failure to state a claim on which relief may be granted.

Plaintiff's second cause of action simply reads "[t]respassed from and or banned from building for services[.]"  (Dkt. No. 3 ¶ C.1.b.)  Plaintiff provides no information about why the SLCPD officer referenced in the complaint removed Plaintiff from the DWS building. Moreover, to the extent Plaintiff's second cause of action implicates SLCPD as a municipality,⁴ Plaintiff fails to allege that SLCPD has a "municipal custom or policy," and that there is "a direct causal link between the custom or policy and the [42 U.S.C. § 1983] violation" Plaintiff alleges. *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) (reiterating that 42 U.S.C. § 1983 precludes *respondeat superior* liability for municipalities).

Given the dearth of detail in Plaintiff's second cause of action, the Court refrains from speculating about which legal rights Plaintiff intended to implicate in it.  *See Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out" a pro se "plaintiff's complaint or construct a legal theory" on such plaintiff's behalf.)  Instead, this Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's second cause of action for failure to state a claim on which relief may be granted.

---

³ Utah Code Ann. § 34-34-5 declares illegal any "agreement, understanding or practice which is designed to cause or require . . . any employer or labor union, labor organization or any other type of association . . . to violate any provision of" the Utah Right to Work Law.  *See, e.g.*, Utah Code Ann. § 34-34-7 (prohibiting labor unions from compelling people to join such unions).

⁴ *See Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004) (evaluating 42 U.S.C. § 1983 action against a police department as action against the municipality).

### C. Amending Complaint

Because Plaintiff proceeds pro se, this Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice. Therefore, if the District Court adopts this Court's Report and Recommendation, Plaintiff may file an amended complaint. *See* Fed. R. Civ. P. 15(a)(1). To remedy the deficiencies noted above, Plaintiff's amended complaint should name all applicable defendants,[5] identify the legal rights such defendants violated, and specify the underlying facts that demonstrate such violations. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.").

### IV. PLAINTIFF'S MOTION FOR SERVICE OF PROCESS

As described above, this Court recommends the District Court dismiss Plaintiff's complaint without prejudice. As such, this Court **RECOMMENDS** the District Court **DENY** without prejudice Plaintiff's motion for service of process. (Dkt. No. 4.) If the District Court adopts this Report and Recommendation, Plaintiff may renew his motion for service of process, as needed, after he files his amended complaint.

---

[5] *See, e.g.*, *Jenkins*, 81 F.3d at 994 (noting that to prevail on a 42 U.S.C. § 1983 claim against a law enforcement officer, a plaintiff must establish the officer "personally participated in the alleged violation . . . .").

## V. RECOMMENDATIONS

For the reasons discussed above, this Court **RECOMMENDS** the District Court:

**DISMISS** without prejudice Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. No. 3.)

**DENY** without prejudice Plaintiff's motion for service of process. (Dkt. No. 4.)

If the District Court adopts this Court's Report and Recommendation, Plaintiff may file an amended complaint no later than **fourteen (14) days** after being served with a copy of the District Court's decision adopting this Report and Recommendation.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 13th day of November, 2013.        By the Court:

Dustin B. Pead
United States Magistrate Judge